Opinion by
MR. JUSTICE DAY.
This is an appeal from a denial of a motion to set aside a plea of guilty which resulted in a conviction of possession for sale of narcotics. The sole issue presented is whether the trial court fully complied with Crim. P. 11(c)(5). We hold that it did not and therefore reverse.
Defendant Golden was charged with multiple violations of the Colorado narcotic statutes, C.R.S. 1963, 48-5-1 et seq. The record shows that his first trial counsel continually assured defendant — and his family as well — that if he entered a plea of guilty to one count o.f possessing narcotics for sale, he would receive probation. Counsel affirmatively stated at the hearing to withdraw the plea that he, on various occasions, said that defendant “would not spend one day in jail.” On the strength of these promises, defendant decided to plead guilty to the single count. The plea was tendered and accepted. Contrary to his expectations and his counsel’s promises, however, defendant’s application for probation was denied and he was sentenced to not less than twelve nor more than thirteen years in the State penitentiary. This appeal followed.
Before accepting the plea, the trial court asked the defendant whether he had been “forced or coerced or threatened” by anyone to enter the plea. What the court did not ascertain was whether defendant had received any promises of leniency or probation. Crim. P. 11(c) requires that:
“(c) * * * The court shall not accept a plea of guilty * * * without first determining that the defendant is advised of all the rights set forth in (b) of this Rule and also determining: * * * *313 “(5) * * * that the defendant understands that the court will not be bound by any representations made to the defendant by anyone concerning the penalty to be imposed or the granting or the denial of probation.” (Emphasis added.)
Subsection (5) of the rule is specifically designed to insure that a criminal defendant voluntarily pleads to a charge unfettered by promises of a light sentence or of probation and is in addition to the inquiry concerning coercion of threats. It necessarily applies to representations and promises by his own counsel. The duty of compliance rests on the trial court.
Because the rule was not complied with here, the defendant’s conviction is reversed and the cause is remanded to the trial court to set aside the plea and to rearraign the defendant.
MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.