PER CURIAM
Arthur E. Golden filed an original proceeding in the nature of prohibition. We issued a rule to show cause and now make that rule absolute.
The denial of a motion for disqualification or recusation of a trial judge provides the foundation for this original proceeding. The petitioner filed a motion, supported by affidavits, requesting that a substitute judge be named to hear his case. The trial judge deemed the petition and the affidavits to be insufficient as a matter of law and did not recuse himself.
This is the second occasion we have had to review this case. Initially, the respondent judge imposed sentence after the petitioner entered a plea of guilty. On appeal, we vacated the plea of guilty and allowed the petitioner to plead anew because the record of the providency hearing was insufficient to support the plea. People v. Golden, 184 Colo. 311, 520 P.2d 127 (1974). On remand, the case was again assigned to the respondent judge. Thereafter, the petitioner filed his motion for disqualification, pursuant to Crim. P. 21(b). See Colo. Sess. Laws 1972, ch. 44, 39-6-201(1 )(d) at 219.
In our view, the motion and affidavits, which focus on the respondent judge’s findings of fact, conclusions of law, and order of September 19, 1972, were sufficient to cause the trial judge to disqualify himself. We have reviewed *302 the entire record and concluded that trial should be before a new and different judge.
Accordingly, we remand for trial before a new and different judge of the Denver district court.
MR. CHIEF JUSTICE PRINGLE does not participate.