560 P.2d 828 (1977)
The PEOPLE of the State of Colorado, Petitioner,
v.
The DISTRICT COURT IN AND FOR the THIRD JUDICIAL DISTRICT, State of Colorado, and the Honorable Dean C. Mabry, District Judge thereof, Respondents.
No. 27472.
Supreme Court of Colorado, En Banc.
February 28, 1977.
*829 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Denver, Edward G. Donovan, Sol. Gen., Patricia W. Robb, Asst. Atty. Gen., Harold A. Haddon, Special Asst. Atty. Gen., Pueblo, for petitioner.
Bruce D. Pringle, Clark, Martin & Pringle, Denver, for respondents.
CARRIGAN, Justice.
This is an original proceeding in which the People seek to disqualify the respondent judge in two companion criminal cases *830 pending in the district court of Las Animas County. We issued a rule to show cause, and having concluded that the respondent judge should be disqualified, we now make that rule absolute.
Following a series of newspaper articles in the nature of an "expose," a special state grand jury was convened to investigate alleged governmental corruption in Las Animas County and the City of Trinidad. The special assistant attorney general handling this case was and is the special prosecutor assigned to that grand jury. In an indictment returned September 10, 1976, the special grand jury charged that the defendants Montera and DeBono had destroyed certain docket books of the police court in Trinidad. A second indictment, returned September 17, 1976, charged that Montera had used his office as Chief of Police to purchase and resell firearms unlawfully.
Both cases immediately were assigned to the respondent judge. On December 3, 1976, before any court appearances in either case, the People filed in each case a motion to disqualify the respondent judge, with accompanying affidavits asserting that he was prejudiced and setting out alleged facts to support that assertion. He denied the motions on the ground that they were not filed within ten days after the cases were assigned to him, as required by Crim.P. 21(b)(1).
The People claim here, as in the trial court, that good cause for the late filing was shown in that the motions were filed immediately upon discovery of the facts primarily relied upon to show prejudice. Moreover, the People contend that the disqualification motion was filed under section 16-6-201, C.R.S.1973, which is nearly identical to Crim.P. 21(b)(1) but does not contain the ten-day filing limitation.
Having denied the disqualification motion as untimely, the respondent judge proceeded to "further find even assuming the fact that they were timely filed that the same do not contain sufficient facts to disqualify and contain only suppositions and conclusions which are not adequate." Overruling the People's request to delay further action in the case until a petition for prohibition could be presented to this court, the respondent judge then proceeded to hear and grant a motion to dismiss one of the two cases on the ground that it was barred by the statute of limitations.

I. TIMELINESS.
The applicable portion of Crim.P. 21(b) provides:
"(1) Within ten days after a case has been assigned to a court, a motion, verified and supported by affidavits of at least two credible persons not related to the defendant, may be filed with the court and served on the opposing party to have a substitution of the judge. Said motion may be filed after the ten-day period only if good cause is shown to the court why it was not filed within the original ten-day period. The motion shall be based on the following grounds:
* * * * *
[IV] The judge is in any way interested or prejudiced with respect to the case, the parties, or counsel.
* * * * *
(3) If the motion and supporting affidavits state facts showing grounds for disqualification, the judge must immediately enter an order disqualifying himself. At this time, the judge may certify the need for a judge to the Chief Justice of the Colorado Supreme Court, who shall assign a judge to the case." Crim.P. 21(b). (Emphasis added.)
The People assert that their motion was filed, not under Rule 21(b), but under section 16-6-201, C.R.S. 1973. They argue that the ten-day limitation does not apply to motions for disqualification filed pursuant to the statute. The grounds for disqualification set out in the statute, however, are identical to those set out in the rule. Moreover, Crim.P. 21(b) has uniformly been applied in disqualification cases. See, e.g., Golden v. District Court, 186 Colo. 300, 527 P.2d 60 (1974); Austin v. Denver, 170 Colo. 448, 462 P.2d 600 (1970). One apparent purpose of Crim.P. 21(b) was to provide a standard by which to measure timeliness of a motion for disqualification, *831 whether filed pursuant to the statute or to that rule. See Del Castillo v. Wells, 22 Ariz.App. 41, 523 P.2d 92 (1974) (court modified change of judge statute by rule providing time limitation on filing). We hold that the requirements of Crim.P. 21(b) with respect to timely filing apply whether the movant expressly invokes that rule or purports to proceed only under section 16-6-201.
The People by affidavit set forth the following allegations in support of their claim that the respondent judge is prejudiced:
(1) Some of the allegations in the articles which led to the grand jury were directed toward him;
(2) he publicly criticized and characterized as "muckraking" the news articles which led to convening the special state grand jury;
(3) he opposed empaneling the special state grand jury;
(4) he has stated that he purchased unspecified items from Montera and that all the allegations against Montera are "muckraking"; and
(5) he is currently being investigated by the same special prosecutor and state grand jury which indicted the defendants, and thus he and the special prosecutor in the Montera and DeBono cases are adversaries.
From the record it is obvious that, for a substantial time before filing their disqualification motion, the People were aware of the facts underlying all their allegations except those set out in paragraph (5) above. The People have repeatedly asserted, however, that they moved to disqualify the respondent judge immediately upon learning the latter facts, i.e., that the judge was to be investigated by the grand jury. This did not occur until long after expiration of the ten-day period following assignment of the case, as provided in Rule 21(b)(1) for filing disqualification motions. The rule allows filing such a motion after the ten-day period upon a showing of "good cause" for the delay. Here the issue is whether the nonoccurrence of the facts relied on as showing prejudice until after expiration of the ten-day period constitutes good cause.
When disqualifying facts do not occur or are not discovered by the moving party until after expiration of the time within which the motion and affidavits normally must be presented, application for a change of judge is timely if made as soon as possible after occurrence or discovery of those facts. Hendrickson v. Superior Court, 85 Ariz. 10, 330 P.2d 507 (1958); see, Dominic Leone Const. Co. v. District Court, 150 Colo. 47, 370 P.2d 759 (1962). We hold that, insofar as the motion to disqualify the respondent judge relies on allegations arising from his being investigated by the grand jury, good cause has been shown, and the motion was timely filed.

II. SUFFICIENCY OF ALLEGATIONS TO DISQUALIFY.
Basic to our system of justice is the precept that a judge must be free of all taint of bias and partiality.
"The principle of impartiality, disinterestedness, and fairness on the part of the judge is as old as the history of courts; in fact the administration of justice through the mediation of courts is based upon this principle. It is a fundamental idea, running through and pervading the whole system of judicature, and it is the popular acknowledgment of the inviolability of this principle which gives credit, or even toleration, to decrees of judicial tribunals. "State ex rel. Barnard v. Board of Education, 19 Wash. 8, 52 P. 317, 320-21 (1898).
Moreover, not only the actuality of fairness must concern us, but the appearance of fairness as well. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Colorado Code of Judicial Conduct, Canon 3.C(1). A trial judge must "conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." A.B.A. Standards, The Function of the Trial Judge 1.5. Courts must meticulously avoid any appearance of partiality, not merely to secure the confidence of the litigants immediately involved, *832 but "to retain public respect and secure willing and ready obedience to their judgments." Nordloh v. Packard, 45 Colo. 515, 521, 101 P. 787, 790 (1909).[1]
These considerations are particularly pertinent where a criminal case arises out of accusations of public corruption. The public policy rationale was well stated in People ex rel. Burke v. District Court, 60 Colo. 1, 3-4, 152 P. 149, 150-51 (1915):
"We have no doubt that matters involved in the criminal case in which the change of the judge is sought are publici juris. In fact, the entire people of the state in their sovereign capacity are the plaintiffs therein, and the right of society to have its laws, in relation to certain crimes, observed and enforced is involved.... Nor can we conceive of anything of graver public concern than whether or not those charged with the commission of crime shall be tried before impartial tribunals free from prejudice and bias. The first ideal in the administration of justice is that the judge must be free from bias and partiality. Men are so agreed on this principle that any departure therefrom shocks their sense of justice. A party may be interested only that his particular case should be justly determined, but the state is concerned not only for that, but also that the judiciary shall enjoy an elevated rank in the estimation of mankind."
Although the trial judge must, of necessity, initially determine the timeliness and legal sufficiency of a motion to disqualify him for prejudice, he cannot pass upon the truth or falsity of statements of fact in the motion and supporting affidavits. Whether the motion is timely and whether it sufficiently states grounds for disqualification are questions of law subject to plenary review. As a matter of judicial policy courts must take as true, for purposes of a motion to disqualify, facts stated in the affidavits and motion. Erbaugh v. People, 57 Colo. 48, 140 P. 188 (1914).[2]
As stated in People ex rel. Burke v. District Court, 60 Colo. 1, 8-9, 152 P. 149, 152 (1915):
"The change of judge is conditioned, not upon the actual fact of his prejudice, but upon the imputation of it. The facts set forth in the recusation must, for the purposes of the motion, be accepted as true, notwithstanding they may be known to the judge and all mankind to be false. The whole matter is left with the conscience of the petitioner and affiants, and when affidavits fulfilling the requirements... are presented, the change must be made, and the truth of the matter is not open to question. If an offense be committed in verifying and presenting the alleged facts, the perpetrators thereof may, perhaps, be punished under some provision of our law, but the courts, in considering the sufficiency of the application for a change of judge, can neither reject the pleading, nor disregard the facts alleged therein. They can only apply the law and test thereby the sufficiency of the facts alleged. The finding in such matter is a finding of law, and not of fact.... Therefore, the finding of the trial court in such case can have no bearing upon the issue when presented to a higher tribunal. . . ."
To be sufficient, the affidavits must state facts from which the respondent judge's prejudice may reasonably be inferred. Walker v. People, 126 Colo. 135, 248 P.2d 287 (1952) (facts did not support the inference); People ex rel. Burke v. District *833 Court, 60 Colo. 1, 152 P. 149 (1915). Here, the affidavits state, among other things, that the subject cases arose from indictments issued by the special state grand jury empaneled to investigate alleged corruption in Las Animas County. Further the affidavits state that the same special prosecutor and grand jury are presently investigating the respondent judge and that he will be subpoenaed and interrogated.
These facts, which must be taken as true for this proceeding, place the special prosecutor in the subject cases in an adversary posture to the respondent judge. Moreover, since the special grand jury was empaneled to investigate allegedly related matters, the judge and the present defendants apparently are co-subjects of the same investigation. Both Crim.P. 21(b)(1) and section 16-6-201(1), C.R.S.1973 contemplate that a judge shall be disqualified if he is in any way "... prejudiced with respect to the case, the parties, or counsel." (Emphasis added.) We hold that the motion and affidavits here indicate prejudice sufficient to require disqualification as a matter of law.
Beyond the technical legal ground supporting disqualification, this is clearly a case where the appearance of possible prejudice dictates disqualification. Because appearances can be as damaging to public confidence in the courts as actual bias or prejudice, a trial judge must scrupulously avoid any appearance of bias or prejudice. Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1958). He "should recuse himself whenever ... he believes his impartiality can reasonably be questioned." A.B.A. Standards, The Function of the Trial Judge 1.7.

III. MOTION TO DISMISS.
The trial judge has no discretion in the matter of recusing himself upon finding the affidavits sufficient under the rule to allege prejudice. He immediately loses all jurisdiction in the matter except to grant the change. People ex rel. Burke v. District Court, 60 Colo. 1, 8, 152 P. 149 (1915); Erbaugh v. People, 57 Colo. 48, 140 P. 188 (1914).
Since we have held that the motion to disqualify was timely and was supported by legally sufficient affidavits, the respondent judge should have granted the motion. Had he done so, he would have been immediately deprived of jurisdiction to act further in either case. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); People ex rel. Burke v. District Court, supra; Erbaugh v. People, supra. It follows that the respondent judge had no jurisdiction to decide the defendants' motion to dismiss case No. 23798 as barred by the statute of limitations, and we have no jurisdiction to consider whether or not he was correct in dismissing that case. The order of dismissal in case No. 23798 is hereby vacated, and the court is ordered to reinstate that case. We neither express nor imply any opinion regarding the merits of the defendants' motion to dismiss. That motion shall be heard and decided by the judge to be assigned to both cases.
The rule is made absolute.
PRINGLE, C.J., and ERICKSON, J., do not participate.
NOTES
[1] "Caesar demanded that his wife shall not only be virtuous, but beyond suspicion; and the state should not be any less exacting with its judicial officers, in whose keeping are placed, not only the financial interests, but the honor, the liberty, and the lives of its citizens, and it should see to it that the scales in which the rights of the citizens are weighed should be nicely balanced ... `next in importance to the duty of rendering a righteous judgment is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge.'" State ex rel. Barnard v. Board of Education, 19 Wash. 8, 52 P. 317, 321 (1898).
[2] For this reason we may not consider in this proceeding the respondent judge's denial of prejudice or his counter-affidavit contesting the allegations in the People's affidavits.