## No. 28071

**Robert F. Carr v. Honorable Susan Graham Barnes, Judge, Second Judicial District in and for the State of Colorado**

(580 P.2d 803)

Decided July 3, 1978.

Quiat & O'Fallon, Marshall Quiat, for petitioner.

Honorable Susan G. Barnes, pro se.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

In this original proceeding the petitioner seeks to disqualify the respondent judge from further participation in a criminal action in the district court. We issued a rule to show cause. Having concluded that the motion to disqualify is legally insufficient, we now discharge the rule.

■ When a party moves, pursuant to Crim. P. 21(b) and section 16-6-201, C.R.S. 1973, to disqualify a judge for prejudice, it is the judge's duty initially to consider the timeliness[1] and legal sufficiency of the motion. The judge may not pass upon the truth or falsity of statements in the motion and supporting affidavits. Whether the motion is timely and whether it states legally adequate grounds for disqualification are questions of law subject to plenary review. For purposes of determining legal sufficiency, the motion and affidavits must be considered at face value; *i.e.*, the facts set out must be accepted as true. *People v. District Court,* 192 Colo. 503, 560 P.2d 828 (1977).

■ To be legally sufficient, the motion and affidavits must state *facts* from which it may reasonably be inferred that the respondent judge has a bias or prejudice that will in all probability prevent him or her from dealing fairly with the petitioner. *People v. District Court, supra; Walker v. People,* 126 Colo. 135, 248 P.2d 287 (1952); *People ex rel. Burke v. District Court,* 60 Colo. 1, 152 P. 149 (1915). It is *not* sufficient merely to state an opinion or conclusion, unsubstantiated by supporting facts, that the respondent judge is biased. *Walker v. People, supra; People ex rel. Burke v. District Court, supra.*

■ It is against these principles that we must measure the facts set out in the motion and affidavits in this case. Thus the "facts" set out in this opinion are the relevant facts alleged in the motion and supporting affidavits. Although many of the asserted facts have been denied or controverted by the respondent judge, we must take them at face value for purposes of this review.

On December 1, 1977, the petitioner pleaded *nolo contendere* to a charge of first-degree assault and was granted leave to apply for probation. After a hearing on the probation application, the respondent judge imposed an indeterminate to seven-year sentence to be served at the state reformatory. The petitioner filed a motion for reconsideration of sentence[2] which was denied on February 6, 1978.

On February 8, 1978, the petitioner filed a motion to withdraw his plea of *nolo contendere,* enter a not guilty plea, and set the case for trial. The respondent judge scheduled the matter for a hearing to be held March 2, 1978, indicating that no earlier dates would be readily available. However, because the petitioner had been sentenced to imprisonment commencing February 17, 1978, he and his attorney appeared in the respondent's court on Friday, February 10 to move for a stay of execution of sentence until the motion to withdraw plea could be heard. Although the petitioner's appearance was not scheduled for the day on the court's

---

[1] No issue of timeliness has been raised in this proceeding.

[2] Crim. P. 35(a).

docket, February 10 was apparently the last date when his motion could be heard, before he was scheduled to commence serving his sentence. This was because a legal holiday and the court's trial schedule had preempted all the remaining days.

On February 10, the petitioner and his lawyer waited in the respondent's courtroom the entire day. A written motion for stay of execution was tendered to the respondent's division clerk, who stated that she could not add it to the docket, but that if the petitioner wanted to wait the judge might call it when she finished the previously scheduled matters. During the day, at least one other matter was added to the docket, and other defendants who had failed to appear on schedule were fitted into the docket at other times. Nonetheless, the petitioner's motion was not called.

Finally, when the respondent announced that she would recess court for the day, the petitioner's attorney asked if she would hear the motion for stay of execution. The respondent refused, stating that proper notice procedures had not been followed and that opposing counsel, the deputy district attorney assigned to the case, was not present. The deputy district attorney present that day, however, had indicated that the district attorney's office had no objection to the stay of execution.

This court, on petition, granted a stay of execution of sentence, pending the March 2 hearing.[3] On the latter date, the petitioner's motion for disqualification of the respondent was heard and held to be legally insufficient. The present original proceeding ensued.

Besides relating the foregoing events, the motion and ten supporting affidavits add little more than the subjective impressions and conclusions of the petitioner and the affiants. Typical statements, for example, report "undisguised hostility," "total indifference and inattention," "clock-watching," "smirking," "fidgeting," and "impatience." Many of the affiants concluded from their in-court observations that the respondent was prejudiced against the petitioner.

As already noted, a motion and affidavits are not sufficient if they contain only conclusory statements that the judge is biased. "Suspicion, surmise, speculation, rationalization, conjecture, innuendo, and statements of mere conclusions of the pleader may not be substituted for a statement of facts." *Walker v. People, supra,* 126 Colo. at 148, 248 P.2d at 295.

In this case, the bulk of the "facts" revealed by the motion and affidavits, insofar as they reflect only the conclusions of the observers regarding the respondent judge's emotions and demeanor, provide little more assistance on review than would a simple statement of the ultimate fact itself — that the judge was or is prejudiced. If these conclusions were in any

---

[3] *Carr v. Barnes,* Supreme Court No. 28033 (February 16, 1978).

way borne out by actual events, it would have been a simple matter to set forth exactly what occurred in those instances when the judge was "rude," "hostile," "inattentive," or otherwise injudicious in a manner evincing actual prejudice against the petitioner. *Walker v. People, supra.* We do not believe it would comport with sound judicial policy or the intent of either Crim. P. 21(b) or section 16-6-201 to require disqualification of a judge solely on the basis of subjective conclusions that he or she was discourteous or rude.

Other than these conclusory impressions, the motion and affidavits establish only that on a particularly busy day the respondent judge chose not to hear the petitioner's motion for a stay of execution, which was not on the docket for that day. Because of the pressing circumstances, it may have been an abuse of discretion not to hear the motion that day, but any error which might have resulted was corrected by this court's action in granting the stay. Beyond that, we simply cannot conclude that a decision regarding administration of undocketed court business in and of itself warrents an inference of prejudice.

Therefore, we conclude that the motion and affidavits, even if true, were legally insufficient to require the respondent to disqualify herself.

Accordingly, the rule to show cause is discharged.

MR. JUSTICE ERICKSON concurs in the result.

MR. JUSTICE HODGES does not participate.