MR. JUSTICE PRINGLE
delivered the opinion of the Court.
In this original proceeding, the petitioner Gary R. Sober seeks a writ in the nature of mandamus directing the respondent judge to grant petitioner’s motion to disqualify himself, filed pursuant to 16-6-201, C.R.S. 1973. We issued a rule to show cause, and we now discharge that rule.
The petitioner avers that certain statements made by the respondent demonstrate a bias or prejudice against the petitioner such that his right to a fair and impartial trial would be jeopardized. Petitioner has presented this court with affidavits setting forth the allegedly prejudicial statements. For purposes of determining the sufficiency of a motion to disqualify a judge, we must accept as true the facts set forth in the affidavits. Carr v. Barnes, 196 Colo. 70, 580 P.2d 803, 804 (1978).
The affidavits reveal that on July 27, 1978, an off-the-record discussion took place in the respondent’s chambers concerning plea and sentence concessions in the petitioner’s case. A dispositional offer was presented to the respondent at that time, proposing that the petitioner plead guilty to manslaughter, a class 4 felony, and to a class 5 felony to which petitioner agreed to a maximum sentence of 4 to 5 years, rather than stand trial for *252 first-degree murder, a class 1 felony, the respondent judge would not approve the plea bargain.
In that context the judge made the statements which the petitioner claims requires his disqualification. The affidavits are conflicting as to exactly what the judge said there. However, the import seems to be that the judge stated that he would not accept the plea because he believed the defendant was either insane or a murderer, and the psychiatric reports indicated that he was sane.[1]
The rule of law to be applied in a judge disqualification case was aptly set out in People v. District Court, 192 Colo. 503, 560 P.2d 828 (1977);
“To be sufficient, the affidavits must state facts from which the respondent judge’s prejudice may reasonably be inferred. [Citations omitted.]”
Applying the above rule to the facts before us, we hold that the respondent should not be disqualified. Critical to this determination is the fact that the challenged statement was made in the context of a plea bargaining conference. During a plea-bargaining conference, the judge must indicate to the district attorney and defense counsel whether or not he will concur in the proposed disposition. Section 16-7-302, C.R.S. 1973 (1978 Repl. Vol. 8). By statute he is required to “exercise an independent judgment in deciding whether to grant charge and sentence concessions.” Id.
Because the challenged statement was made in this setting, we think that bias or prejudice sufficient to jeopardize petitioner’s right to a fair and impartial trial cannot reasonably be inferred therefrom. Rather we agree with the People that the statement merely reflected the respondent’s reasons for disallowing the proposed plea and sentence concessions. That is, in the exercise of his independent judgment, the court believed that, under the circumstances of the case, the petitioner was either guilty of murder or should be acquitted after a hearing on a plea of “not guilty by reason of insanity.” The statement was therefore consonant with respondent’s statutory duty, discussed supra, and must fairly be limited to that purpose.
A different case would be presented to us had the statement been made in open court, in front of jurors and the public. In that case, there would be no question that bias or prejudice could be inferred so as to jeopardize petitioner’s right to a fair and impartial trial. However, in the context of a confidential plea bargaining conference, conducted off-the-record and in chambers, the challenged statement implies nothing more than the *253 judge’s belief that the proposed plea and sentence concessions would not do justice.[2]
Rule discharged.
MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN do not participate.

 The defendant had previously entered a plea of “not guilty by reason of insanity” to the first-degree murder charge. On the basis of that plea, the court ordered psychiatric examinations of the defendant, which resulted in the reports mentioned here. There has not yet been a sanity hearing on the defendant’s insanity plea.

 Ironically, the respondent judge proposed to counsel that this case, because of its probable length, be transferred out of his courtroom and into the “long-trial division” as soon as all motions before him, including this one, were disposed of. Now that this court has determined the respondent should not be disqualified, the case is free to proceed before the new judge.