**Rexford Michael SMITH, Petitioner,**

v.

**The DISTRICT COURT FOR the FOURTH JUDICIAL DISTRICT, STATE OF COLORADO, DIVISION 6, the Honorable Hunter D. Hardeman, District Judge, Respondent.**

No. 80SA395.

Supreme Court of Colorado, En Banc.

June 8, 1981.

Rehearing Denied July 6, 1981.

J. Gregory Walta, Colorado State Public Defender, Kenneth Dresner, Barbara S. Blackman, Deputy State Public Defenders, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Jeffrey A. Weinman, Asst. Atty. Gen., Denver, for respondent.

ROVIRA, Justice.

This case is an original proceeding brought pursuant to C.A.R. 21. We issued a rule to determine whether the trial court abused its discretion or exceeded its jurisdiction when it denied the motion of the petitioner, Rexford Michael Smith, that the respondent judge disqualify himself from conducting a sentencing hearing because of alleged prejudice against the petitioner. Having concluded that the motion to disqualify is legally insufficient, we now discharge the rule.

The petitioner's verified motion to disqualify the judge was premised on section 16–6–201(1)(d), C.R.S.1973 (1978 Repl.Vol. 8).[1] The motion was supported by the affidavits of two credible persons who were not related by blood, adoption, or marriage to the petitioner. See section 16–6–201(3) and (5), C.R.S.1973 (1978 Repl.Vol. 8).

The facts alleged in this case are as follows: The petitioner had pled guilty to robbery, section 18–4–301, C.R.S.1973 (1978 Repl.Vol. 8). Upon leaving the courtroom on April 25, 1980, after his counsel had obtained a continuance of his sentencing hearing, the petitioner was overheard by a deputy sheriff saying, in a hostile tone, "That senile old motherfucker, he ought to be shot. I'll kill him." The deputy believed that petitioner was referring to the judge and informed the judge about the petitioner's statement. Later the same day, the deputy sheriff again overheard the petitioner say, "I'll shoot the motherfucker. His day is coming—maybe sooner than he

thinks." The deputy included this incident in a report he prepared on the petitioner's behavior. Meanwhile, the judge contacted petitioner's counsel, told him in chambers what his client had said, and commented, "I think he would do it."

It is impossible to determine from the affidavits accompanying the motion whether the judge was informed about the petitioner's second statement prior to talking to defense counsel. The record does indicate that the deputy sheriff's incident report was included in a supplementation of the probation department's presentence investigation report.[2]

The trial court, in ruling on the legal sufficiency of the petitioner's motion, found that the petitioner's alleged threats and his capacity to carry them out would make no difference in its ultimate disposition of the case. It denied the motion and proceeded to sentencing.

The trial court's ruling was necessarily premised upon the legal sufficiency of the motion and affidavits. Such a determination is subject to the independent review of an appellate court. *People v. District Court, supra,* n. 1; *People ex rel. Burke v. District Court,* 60 Colo. 1, 152 P. 149 (1915). The test of the legal sufficiency of a motion to disqualify a judge is whether the motion and affidavits state facts "from which it may reasonably be inferred that the respondent judge has a bias or prejudice that will in all probability prevent him or her from dealing fairly with the petitioner." *Carr v. Barnes,* 196 Colo. 70, 72, 580 P.2d 803, 804 (1978); *People v. District Court,* n. 1; *Walker v. People,* 126 Colo. 135, 248 P.2d 287 (1952); *People ex rel. Burke v. District Court, supra.* Unless a reasonable person could infer that the judge would in all probability be prejudiced against the petitioner, the judge's duty is to sit on the case. *Walker v. People, supra.*

---

1. Section 16–6–201(1)(d) provides that a judge is disqualified to hear a case if "[h]e is any way interested or prejudiced with respect to the case, the parties, or counsel." This ground for disqualification is identical to that set out in Crim.P. 21(b)(1)(IV). *See People v. District Court,* 192 Colo. 503, 560 P.2d 828 (1977).

2. The probation department recommended that the petitioner be remanded to the Department of Corrections. The department's report is not itself part of the record, and this C.A.R. 21 proceeding is not a review of the trial court's sentencing decision.

"Prejudice" is not easily defined. Since it is a mental condition or status—a certain "bent of mind" [*People v. Botham*, Colo., 629 P.2d 589 (1981).]—it cannot be demonstrated, ordinarily, by direct proof. *People ex rel. Burke v. District Court, supra.* Prejudice in the present procedural context has been described by our court as "a leaning toward one side of a question involved, from other considerations than those belonging to it, or a bias in relation thereto which would in all probability interfere with fairness in judgment." *Walker v. People, supra*, 126 Colo. at 146, 248 P.2d at 294, quoting *People ex rel. Burke v. District Court, supra.*

■ Prejudice must be distinguished from the sort of personal opinions that as a matter of course arise during a judge's hearing of a cause. The general rule of law is that what a judge learns in his judicial capacity is a proper basis for judicial observations, and that the use of such information is not the kind of matter that results in disqualification. *United States v. Patrick*, 542 F.2d 381 (7th Cir. 1976); *United States v. Bernstein*, 533 F.2d 775 (2d Cir. 1976); *Davis v. Bd. of School Commissioners*, 517 F.2d 1044 (5th Cir. 1975); *United States v. Sclafani*, 487 F.2d 245 (2d Cir. 1973), *cert. denied*, 414 U.S. 1023, 94 S.Ct. 445, 38 L.Ed.2d 313 (1973).

■ It must be presumed in this case that the judge was told about the petitioner's threats against him and also that he formed an opinion that the petitioner was capable of carrying such threats out.[3] The facts set forth in affidavits supporting a motion to disqualify a judge are not subject to a trial court's inquiry, but are presumed to be true. *Carr v. Barnes, supra; Walker v. People, supra; People ex rel. Burke v. District Court, supra.* Petitioner argues that such a frame of mind in all probability

would affect a judge's ability to evaluate the factors that must be weighed in making a sentencing decision, in particular, his ability to decide whether the petitioner should be incarcerated or granted probation. We do not find this inference reasonable.

The petitioner's initial threat was not seen or heard by the judge, though it was made in the courtroom while court was in session. There is nothing inherently improper about such behavior being communicated to the trial judge. Indeed, the petitioner's behavior during judicial proceedings and while in custody may well become relevant facts for the court to consider as part of the factors it weighs in sentencing.[4] The facts here provide no reasonable basis for concluding that the judge's presumed opinion about the petitioner's potential dangerousness was motivated solely by the deputy sheriff's reports. The petitioner's motion to disqualify and its accompanying affidavits do not support the inference that the judge leaned toward severity in sentencing from considerations that were irrelevant to his judicial decision making. The facts alleged do not demonstrate a bias that in all probability would interfere with the fairness of the judge's sentencing decision.

Neither section 16–6–201, C.R.S.1973 (1978 Repl.Vol. 8), nor Crim.P. 21(b) require disqualification of a judge on the basis of a party's subjective conclusion that the judge is not impartial because of acts or statements made by the party.

Because the motion and affidavits here are legally insufficient to show prejudice, we affirm the trial court's ruling dismissing the petitioner's motion.

Accordingly, the rule to show cause is discharged.

---

**3.** At the hearing on his motion, the petitioner claimed that he had not made the statements attributed to him; but what the judge was told that the petitioner said, not the truth of his actual statements, is at issue here. Allegedly, the judge had formed an opinion about the petitioner's dangerousness prior to the sentencing hearing; and the petitioner argues that this opinion was caused by what the judge was told about petitioner's threats.

**4.** The deputy sheriff's incident report about the petitioner's alleged threats was incorporated in the probation department's presentencing report.

The petitioner here was sentenced to a term of two and one-half years. This term is within the presumptive range of possible penalties for the commission of a class 4 felony, such as robbery. *See* section 18–1–105(1)(a), C.R.S. 1973 (1978 Repl.Vol. 8) (1980 Supp.).

ERICKSON and DUBOFSKY, JJ., specially concur in the result only.

LOHR, J., dissents.

ERICKSON, Justice, specially concurring in the result only:

The sole issue for review is whether the defendant's motion for disqualification of judge and the supporting affidavits, which we must accept as true, establish that the judge was prejudiced against the defendant. *Botham v. People,* Colo., 629 P.2d 589; *Carr v. Barnes,* 196 Colo. 70, 580 P.2d 803 (1978); *People v. District Court,* 192 Colo. 503, 560 P.2d 828 (1977). The motion to recuse the judge is legally insufficient because it is supported by affidavits which do not establish bias, prejudice, or a bent of mind. The prejudice issue is being considered totally out of context when viewed in the light of the facts of this case. Therefore, I concur in the result reached by the majority. The rule to show cause should be discharged.

A statement of the factual background upon which the motion was made provides a sound basis for discharging the rule to show cause. The defendant, while intoxicated, robbed a Taco John restaurant by threatening the employees with a pistol. He was initially charged with aggravated robbery. Section 18–4–302, C.R.S.1973 (1978 Repl. Vol. 8). As the result of a plea agreement, the defendant was permitted to plead guilty to simple robbery. Section 18–4–301, C.R.S. 1973 (1978 Repl.Vol. 8). When the defendant's plea was entered, the judge ordered a presentence investigation report, and set a date for sentencing. Section 16–11–102, C.R.S.1973 (1978 Repl.Vol. 8) (1980 Supp.). Crim.P. 32(a).

On the date set for sentencing, defense counsel, contrary to the defendant's wishes, moved for a continuance. The judge had reviewed the presentence investigation report and was prepared to impose sentence at that time.[1] However, he granted the motion for a continuance so defense counsel could obtain a psychiatric report. The defendant was an alcoholic with a history of violent and assaultive conduct when he was drinking. The presentence investigation report contained the recommendation that probation be denied on several grounds, which included a prediction that there was an extremely high probability that the defendant would repeat his assaultive conduct. Moreover, the report contained facts relating to a prior arrest where the defendant stated to the arresting officer that he would get a gun and kill a cop when he was bonded out. When the arresting officer asked the defendant if he was referring to a specific officer, the defendant replied, "No, just any cop will do."

The events leading to the motion for disqualification occurred shortly after the sentencing hearing was continued. Upon leaving the courtroom, the defendant said in the presence of a deputy sheriff, "That senile old motherfucker, he ought to be shot. I'll kill him." The deputy believed that the defendant was referring to the judge, and he informed the judge of the defendant's threat. Later the same day, the deputy sheriff again overheard the defendant say, "I'll shoot the motherfucker. His day is coming—maybe sooner than he thinks."[2]

When the judge learned of the defendant's threats, he contacted defense counsel. Based upon the information contained in the presentence investigation report relating to the defendant's propensity for violence and the defendant's threats against the judge, it was proper for the judge to inform defense counsel of the defendant's

---

1. Since the issue of guilt was determined, the propriety of the judge reading the presentence investigation report is not in issue. *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969). Section 16–11–102, C.R.S. 1973 (1978 Repl.Vol. 8) requires:

    "Following the return of a verdict of guilty of a felony, other than a class 1 felony, or a finding of guilt on such charge where the

issues were tried to the court, or on a plea of guilty or nolo contendere to such a charge, or upon order of the court in any misdemeanor conviction, the probation officer shall make an investigation and written report to the court before the imposition of sentence...."

2. The deputy included the incident in a report

statements.[3] While in chambers, defense counsel asserts that the trial judge stated: "I think he would do it." The judge's statement forms the basis for the defendant's motion for disqualification.[4]

The motion for disqualification was heard and denied on the second date set for sentencing. At that point, the judge gave the defendant the option of withdrawing his guilty plea and standing trial for aggravated robbery. The defendant elected to accept the benefits of his plea bargain, and sentence was imposed.[5] Thereafter, we issued a rule to show cause to determine whether the trial court abused its discretion when it denied the defendant's motion to disqualify the judge.

There is nothing in the statute or rule regarding disqualification of judge which states that facts learned by the judge in the course of judicial proceedings establish prejudice. Section 16–6–201(1)(d), C.R.S.1973 (1978 Repl.Vol. 8); Crim.P. 21(b)(1)(IV). To the contrary, any opinions formed for or against a party from evidence or conduct occurring before a judge in a judicial proceeding, and the judge's expressions of an opinion do not constitute the "prejudice" required to disqualify the judge under the statute and rule. *See generally, Mirra v. United States*, 379 F.2d 782 (2d Cir. 1967). *See also, Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968).

In this case, the issue of guilt had been determined, and the judge's function was to impose an appropriate sentence. *See generally, Gregg v. United States*, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969). The judge formed his opinion as to the defendant's likelihood of carrying out his threats on the basis of the presentence investiga-tion report. The judge's comments did not show prejudice against the defendant, but rather evidenced his interpretation of the defendant's propensity for violence based upon information learned in the course of judicial proceedings. The defendant's propensity for violence is a factor which the judge was entitled to consider in imposing sentence.

Practical considerations also forced the trial judge to deny the motion. To allow threats towards a judge to cause compulsory recusal would enable a defendant to use vulgarity and threats to disqualify every judge that did not measure up to his own particular specifications or requirements. *Compare, Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Such a result is not contemplated by either the statute or rule.

Accordingly, I would discharge the rule to show cause.

Justice DUBOFSKY has authorized me to announce that she joins me in this special concurrence.

LOHR, Justice, dissenting:

The majority holds that the verified motion and supporting affidavits in this matter do not state facts showing grounds for disqualification of the trial judge. I respectfully dissent.

Section 16–6–201, C.R.S.1973 (1978 Repl. Vol. 8), states, in pertinent part:

"(1) A judge of a court of record shall be disqualified to hear or try a case if:

\*  \*  \*  \*  \*  \*

---

which was subsequently included in the presentence investigation report.

**3.** The American Bar Association Standards for Criminal Justice 18–5.4 (2d ed. 1980) state that: "The substance of all derogatory information which has not otherwise been disclosed in open court should be called to the attention of the defendant and defense attorney in a form sufficient to give an adequate opportunity for rebuttal."
*See also,* section 16–11–102, C.R.S.1973. Crim.P. 32(a)(2).

**4.** There is no record of the colloquy which occurred between the trial judge and defense counsel in the judge's chambers.

**5.** The defendant was sentenced to a term of two and one-half years. This term is within the presumptive range of possible penalties for the commission of a class 4 felony, such as robbery. Section 18–1–105(1)(a), C.R.S.1973 (1978 Repl.Vol. 8) (1980 Supp.).

(d) He is in any way interested or prejudiced with respect to the case, the parties, or counsel."

See also Crim.P. 21(b)(1)(IV).

Upon filing an appropriate verified motion and supporting affidavits which "state facts showing grounds for disqualification, the judge *must* enter an order disqualifying himself." (Emphasis added.) Section 16-6-201(3), C.R.S.1973 (1978 Repl.Vol. 8). The only question here is whether the motion and affidavits state facts showing grounds for disqualification, i. e., that the judge is in any way prejudiced with respect to the case or the defendant.

The verified motion states in pertinent part:

"1. On April 25, 1980, defendant was present in Court for sentencing, at which time his counsel requested a continuance of two weeks.

"2. Upon leaving the courtroom, the defendant was overheard by Deputy Sheriff Richard D. Thomas stating, in a hostile tone, 'That senile old motherfucker, he ought to be shot. I'll kill him.' The reference was to Judge Hardeman.

"3. Said information was relayed by Deputy Thomas to the Court the same day.

"4. Deputy Thomas, later the same day, overheard the defendant say to another inmate, 'I'll shoot the motherfucker. His day is coming—maybe sooner than he thinks.'

"5. The Court contacted defendant's attorney later the same day and informed him of what had occurred, adding, 'I think he would do it.' "

The supporting affidavits tend to corroborate the statements in the motion and supply no additional material facts.

The facts alleged in the verified motion and affidavits must be accepted as true, *People v. Botham,* Colo., 629 P.2d 589 (1981); *Carr v. Barnes,* 196 Colo. 70, 580 P.2d 803 (1978); *Walker v. People,* 126 Colo. 135, 248 P.2d 287 (1952); *People ex rel. Burke v. District Court,* 60 Colo. 1, 152 P. 149 (1915). The test to be applied to determine the sufficiency of the averred facts is

whether therefrom: "it may reasonably be inferred that the respondent judge has a bias or prejudice that will in all probability prevent him or her from dealing fairly with the petitioner." *Carr v. Barnes, supra,* 196 Colo. 503, 560 P.2d 828 (1977); *Walker v. People, supra; People ex rel. Burke v. District Court, supra.* Whether the facts alleged constitute legally adequate grounds for disqualification is a question of law, *Carr v. Barnes, supra.*

Where, as here, prior to sentencing the defendant has twice threatened the life of the sentencing judge and the judge has expressed the opinion that he thinks the defendant would carry out the threats, I would hold that it may reasonably be inferred that the judge has a bias that will in all probability prevent him from dealing fairly with the defendant.

Additionally, what we said in *People v. District Court, supra,* is applicable here:

"Beyond the technical legal ground supporting disqualification, this is clearly a case where the *appearance* of possible prejudice dictates disqualification. Because appearances can be as damaging to public confidence in the courts as actual bias or prejudice, a trial judge must scrupulously avoid any appearance of bias or prejudice. *Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1958). He 'should recuse himself whenever ... he believes his impartiality can reasonably be questioned.' A.B.A. Standards, *The Function of the Trial Judge,* 1.7."

*Id.* 192 Colo. at 510, 560 P.2d at 833. *See People v. Botham, supra.* The sentencing of a defendant by a judge whose life has recently been threatened by that defendant creates an undeniable appearance of possible prejudice damaging to public confidence in the courts.

I would make the rule absolute.