The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Stanley JOHNSON, Defendant-Appellant.

No. 79SA530.

Supreme Court of Colorado,
En Banc.

Aug. 31, 1981.

Rehearing Denied Oct. 13, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert T. Page, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State

Public Defender, Denver, Warren T. Marshall, Sp. Deputy State Public Defender, Canon City, for defendant-appellant.

ROVIRA, Justice.

The defendant-appellant, Stanley Johnson, was convicted by a jury of attempted robbery[1] and second-degree burglary.[2] Here he challenges certain rulings of the trial court as erroneous and questions the constitutionality of his sentence.[3] We affirm the judgment.

## I.

At approximately 10:00 p. m. on October 3, 1977, Jimmy Wheeler answered the doorbell of his home in Colorado Springs, and an intruder shoved the door open, pushing Wheeler back into his living room. The room was illuminated by a small lamp and by the family television set. Wheeler was compelled to place his dog in another room before being forced against a wall and frisked. His wife, Ramona Wheeler, was in the living room during this time, confined to a wheelchair.

The intruder, who concealed one hand inside his jacket, demanded to know where the Wheelers kept their money; and when told they had none, he left, wiping off the door knob as he went. These events took about ten minutes.

Wheeler called the police department, reported the intrusion, and described a man matching the defendant's physical appearance. He also described the intruder's boots, which laced up to the knee, and his clothing, including a plaid jacket and dark shirt.

A police officer who responded to the Wheelers' report saw the defendant, who

matched the description, running near the vicinity of their house, and arrested him. Another officer made up an array of five photographs which he showed to each of the Wheelers separately. Each immediately selected the defendant as the man who had forced his way into their house and threatened them in order to obtain money.

Defendant was charged with first-degree burglary,[4] second-degree burglary, and attempt to commit aggravated robbery.[5] The jury was instructed on first-degree burglary, second-degree burglary, and attempt to commit robbery.[6] Defendant was acquitted of first-degree burglary and convicted of the latter two offenses.

At trial and in this court, defendant asserts that the trial court erred in denying his motion to suppress his in-court identification by the Wheelers, that the court erred in denying his motion for disqualification of the judge, and that he was entitled to a judgment of acquittal on all charges brought against him.

## II.

Defendant points out that in his photograph, which was among the five shown to the Wheelers, he is wearing a plaid jacket similar to the one the Wheelers had described the intruder wearing. He argues that the appearance of this article of clothing was impermissibly suggestive because it created a very substantial likelihood of irreparable misidentification. *See Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). We disagree.

Several of the other individuals in the photo array bore distinct physical resem-

---

**1.** Sections 18–4–301 and 18–2–101, C.R.S.1973 (1978 Repl. Vol. 8).

**2.** Section 18–4–203, C.R.S.1973 (1978 Repl. Vol. 8).

**3.** The appeal was transferred from the Court of Appeals to this court pursuant to section 13–4–110(1)(a), C.R.S.1973.

**4.** Section 18–4–202, C.R.S.1973 (1978 Repl. Vol. 8).

**5.** Sections 18–4–302 and 18–2–101, C.R.S.1973 (1978 Repl. Vol. 8).

**6.** This offense is a lesser-included offense of attempt to commit aggravated robbery, for which the trial court found insufficient evidence to warrant submitting the charge to the jury. *See People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974).

blances to the defendant, and one of them wore similar clothing. All photos show men of the same race, with comparable builds, wearing similar mustaches. The Wheelers had viewed their intruder in dim light, but they did so for a considerable length of time, in close quarters, and with intensity. Their description of him immediately after the event matched the defendant; and they identified his photograph shortly after their confrontation with him, when their memories were fresh. They did not hesitate in selecting his photograph, and they did not influence one another's choices. Under such circumstances, we see little likelihood that their identification was tainted by the minimal suggestiveness urged by the defendant. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Simmons v. United States, supra.*

The trial court properly denied the defendant's motion to suppress the Wheelers' identification testimony at trial.

### III.

■ The defendant sought to have the trial judge disqualify himself pursuant to Crim.P. 21(b) because he had appeared before him on other criminal matters on past occasions. But defendant filed no affidavits and alleged no facts which would reasonably indicate that the judge was interested or prejudiced with respect to the case, the parties or counsel. *See Smith v. District Court,* Colo., 629 P.2d 1055 (1981); *Carr v. Barnes,* 196 Colo. 70, 580 P.2d 803 (1978); *People v. District Court,* 192 Colo. 503, 560 P.2d 828 (1977). *Cf. People v. Botham,* Colo., 629 P.2d 589 (1981). The defendant's subjective belief that the trial judge was not impartial is not supported by the record. *Smith v. District Court, supra.* Therefore, his motion to disqualify was insufficient as a matter of law, and we affirm the trial court's ruling denying it.

### IV.

■ The defendant contends that the jury was impermissibly encouraged to reach a compromise verdict convicting him of second-degree burglary as the result of the giving of an instruction on first-degree burglary, for which there was no evidentiary support. Because the first-degree burglary instruction was properly given, however, this argument lacks substance.[7]

■ Evidence was presented at trial, directly and circumstantially, that defendant knowingly forced his way into the Wheelers' home with the intent to rob them, that once in the home, he frisked Mr. Wheeler in a search for a wallet, that he menaced both of them by seeming to conceal a weapon, and that his general demeanor, physical condition, and behavior was such that, until his sudden departure, the Wheelers—and especially, Mrs. Wheeler—could have been in fear of serious bodily injury. The jury, as fact finder, decided the various facts in dispute and found the prosecution's charge of first-degree burglary unpersuasive. Having been acquitted of this charge, and having been convicted of second-degree burglary, an offense which could depend upon proof of facts separate and independent from defendant's participation in first-degree burglary, the defendant has no basis to contend that his conviction should be overturned because the jury was instructed on first-degree burglary. *People v. Coca,* 185 Colo. 10, 521 P.2d 781 (1974); *Hughes v. People,* 175 Colo. 351, 487 P.2d 810 (1971); *Luna v. People,* 161 Colo. 330, 421 P.2d 459 (1966).

### V.

At the time defendant's appeal was transferred to this court, we had not yet resolved the constitutionality of House Bill 1589. Now this sentencing issue is no longer justiciable. *People v. Hotopp,* Colo., 632

---

7. The first-degree burglary statute, section 18–4–202(1), C.R.S.1973 (1978 Repl. Vol. 8), provides: "A person commits first degree burglary if he knowingly enters or remains unlawfully in a building or occupied structure with intent to commit therein a crime . . . against a person or property, and if in effecting entry or while in the building or occupied structure . . . he . . . assaults or menaces any person, or he . . . is armed with . . . a deadly weapon."

P.2d 600 (1981); *People v. Francis,* Colo., 630 P.2d 82 (1981). *See People v. McKenna,* Colo., 611 P.2d 574 (1980).

The judgment is affirmed.