Mike NIETO, Plaintiff-Appellant and Cross-Appellee,

v.

Dr. Manuel CHAVEZ, D.D.S., Defendant-Appellee and Cross-Appellant.

No. 84CA1316.

Colorado Court of Appeals, Div. II.

April 3, 1986.

Rehearing Denied May 1, 1986.

Certiorari Denied July 7, 1986.

Pete Cordova, Salida, for plaintiff-appellant and cross-appellee.

Jacobson & Morrell, Don D. Jacobson, Denver, for defendant-appellee and cross-appellant.

STERNBERG, Judge.

Mike Nieto, plaintiff in this dental malpractice action, appeals from a summary judgment entered in favor of defendant, Dr. Manuel Chavez. We reverse.

The allegations of plaintiff's complaint and the averments of the parties' summary judgment affidavits provide the following background. Plaintiff sought the services of defendant for reconstruction of a tooth that had been knocked out. His condition required the performance of root canal work on adjoining teeth. During this procedure a root canal file broke while in plaintiff's tooth. Plaintiff experienced pain and other symptoms of infection and re-

turned for further treatment. Plaintiff alleged that defendant left the file embedded in his mouth, did not inform him of this, and did not remove it. These allegations supported claims sounding in negligence and breach of contract.

Defendant moved for summary judgment, presenting a statute of limitations defense based on § 13–80–105, C.R.S. (1985 Cum.Supp.). This statute provides that healing arts malpractice actions are time-barred unless brought "within two years after the person bringing the action discovered, or in the exercise of reasonable diligence and concern, should have discovered the injury." It further provides that such actions are absolutely barred if brought more than three years after the act or omission complained of, but proceeds to state the following pertinent exception:

> "If the act or omission which gave rise to the cause of action ... consisted of leaving an *unauthorized foreign object* in the body of the patient, then such action may be instituted within two years after the person bringing the action discovered, or in the exercise of reasonable diligence and concern should have discovered, the act or omission."

Section 13–80–105(1)(a), C.R.S. (1985 Cum. Supp.) (emphasis supplied).

Plaintiff alleges that the act or omission occurred in April 1978, while defendant avers that it occurred in January 1981. Under either version of the facts, however, because plaintiff's complaint was not filed until April 1984, this action is barred by the three-year repose provision unless the unauthorized foreign object exception applies.

In a supporting affidavit, defendant stated that he had noted that the file had broken within the canal, that when it broke he so advised plaintiff, requesting that he return for a "retrofill" procedure to seal the tooth, and that plaintiff authorized the "retrofill." In a subsequent affidavit, defendant further averred that:

> "The procedure known as a 'root canal' procedure involves the removal of infected tissue from a portion of the tooth, and

the filling of the canal that is formed with a foreign substance;

> "Among the foreign substances most commonly used are metal wires and a rubber-like material known as 'gutta percha';

> "Although not the ideal filling material, a broken file, properly placed, is a sterile instrument adequately and commonly used as filling material, which is the original intent of the procedure."

Plaintiff submitted affidavits in which he denied that defendant told him that the file had broken and been left in his mouth and that he did not consent to this course of treatment. He further stated that he did not become aware of the presence of the file until October 18, 1983, when he was examined by another dentist.

At a hearing on August 9, 1984, the trial court granted summary judgment in favor of defendant. During the course of its ruling, the court noted that the affidavits "leave no question in my mind but what the broken file was a sterile object; was left in the tooth as part of the root-canal procedure; [and that this] was not inadvertent but, rather, an intentional act." The court rested its judgment on a finding that the file was a therapeutic device, thus precluding application of the "unauthorized foreign object" exception to the three-year statute of repose found in § 13–80–105.

■ Plaintiff's primary argument on appeal is that the trial court erred in granting summary judgment because the parties' affidavits do not adequately support its finding that the broken file was a "therapeutic device" rather than an "unauthorized foreign object" within the meaning of § 13–80–105(1)(a). Defendant responds that the appeal is simply resolved by the definition of an "unauthorized foreign object." We agree with plaintiff.

The summary judgment arguments of the parties center on *Austin v. Litvak,* 682 P.2d 41 (Colo.1984) (plurality opinion). There the supreme court stated:

> "We next address the issue of whether the metal screen in Mr. Austin's skull is

an 'unauthorized foreign object' within the meaning of the statutory exception. We conclude it is not, as a matter of law.

"The essence of the plaintiffs' complaint is negligent misdiagnosis, not the presence of an unauthorized foreign object left in Mr. Austin's body by Dr. Litvak. Indeed, the plaintiff's complaint and answers to interrogatories establish that the metal screen was deliberately and necessarily placed in Mr. Austin's skull to replace bone that had been removed.... We conclude that *an unauthorized foreign object is an object left inadvertently in the patient's body and which has no therapeutic or diagnostic purpose or effect.* See Cal.Civ.Proc. Code § 340.5 (1982); Wis.Stat. § 893.55 (1983). Examples of such foreign objects include sponges ...; surgical clamps ...; and injection needles.... *A device which is intentionally placed in the patient's body with the patient's knowledge and consent* does not constitute an unauthorized foreign object for purposes of tolling the applicable statute of limitations." (emphasis supplied)

Based upon our understanding and analysis of *Austin,* we conclude that items not customarily left in a patient's body do not constitute "unauthorized foreign objects" under § 13–80–105, C.R.S. (1985 Cum.Supp.) if all of the following are present: (1) the device is intentionally placed in the body or is intentionally allowed to remain therein; (2) the device is allowed to remain in the patient's body with the knowledge and consent of the patient; and (3) its remaining in the patient's body has a therapeutic or diagnostic purpose. If any one of these three elements is missing, the item is an unauthorized foreign object.

Determinations of a trial court which are based on the legal sufficiency of a motion and its supporting affidavits are subject to independent review by an appellate court. *See Smith v. District Court,* 629 P.2d 1055 (Colo.1981); *Board of County Commissioners v. Berkeley Village,* 40 Colo.App. 431, 580 P.2d 1251 (1978).

An examination of the affidavits here reveals that the second of the above criteria remains in question. As stated above, plaintiff avers he was not informed as to the presence of the file, and defendant alleges plaintiff was told about it. Therefore, there exists a disputed issue of fact as to whether plaintiff authorized the leaving of the file in his tooth; if he did not, the file would be an unauthorized foreign object, and the action would not be barred by the statute of limitations. Hence, it was error for the trial court to dispose of the matter by summary judgment.

Other issues raised by the parties, including those asserted by defendant on cross-appeal, are either without merit or rendered inapposite by the foregoing analysis.

Accordingly, the judgment is reversed and the cause is remanded to the trial court for further proceedings.

SMITH and BABCOCK, JJ., concur.