Jason KANE, Terena Grilly, and Andrew Kirk, Plaintiffs–Appellants,

v.

COUNTY COURT JEFFERSON COUNTY, and Judy Archuleta, Judge, Defendants–Appellees,

and

The People of the State of Colorado, Appellee.

No. 06CA1731.

Colorado Court of Appeals, Div. IV.

Jan. 24, 2008.

Certiorari Denied Sept. 2, 2008.

The Law Firm of Abraham Hutt, P.C., Abraham V. Hutt, Denver, Colorado, for Plaintiffs–Appellants.

John W. Suthers, Attorney General, Dianne E. Eret, Assistant Attorney General, Denver, Colorado, for Plaintiffs–Appellees.

Scott W. Storey, District Attorney, Donna Skinner Reed, Chief Appellate Deputy District Attorney, Golden, Colorado, for Appellee.

Opinion by Judge BERNARD.

In this C.R.C.P. 106(a)(4) action, plaintiffs, Jason Kane, Terena Grilly, and Andrew Kirk, appeal the district court's judgment affirming the orders of defendant, a county court judge, declining plaintiffs' requests to recuse herself from presiding over criminal cases involving the plaintiffs. We affirm.

Plaintiffs were represented in county court criminal cases by two attorneys who worked for the same law firm. In those cases, the attorneys moved for substitution of judge pursuant to Crim. P. 21(b) and section 16–6–201, C.R.S.2007, alleging that the county court judge was biased against the attorneys and their firm. The alleged bias arose from a 2002 complaint about the county court judge's conduct filed by one of the attorneys with the First Judicial District's Judicial Performance Commission. Prior to the cases at issue here, the judge recused herself from seven other cases in which the law firm filed motions requesting this relief.

In plaintiffs' cases, the county court judge denied the motions for substitution of judge after conducting a hearing on each motion. Plaintiffs then filed separate C.R.C.P. 106(a)(4) actions in district court challenging the county court judge's rulings. The district court consolidated the three actions and upheld the county court judge's decisions. Plaintiffs contend the district court erred in failing to conclude that the county court judge exceeded her jurisdiction and abused her discretion by denying their motions for substitution. We are not persuaded.

C.R.C.P. 106(a)(4) authorizes district court review "[w]here ... any lower judicial body exercising judicial ... functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law." A complaint pursuant to C.R.C.P. 106(a)(4) is appropriate to protect certain rights that would be significantly undermined if a party were required to proceed to trial prior to obtaining review. *See County Court v. Ruth,* 194 Colo. 352, 355, 575 P.2d 1, 2 (1977); *Smith v. Beckman,* 683 P.2d 1214, 1215 (Colo.App.1984)(district court reviewed coun-

ty court judge's denial of a motion to recuse under C.R.C.P. 106(a)(4)).

■ When reviewing a district court's decision to uphold a county court's ruling in a C.R.C.P. 106(a)(4) proceeding, we must consider whether the county court applied the proper legal standard, and whether the county court's ruling is supported by sufficient proof. *Huang v. County Court*, 98 P.3d 924, 928 (Colo.App.2004). With these principles in mind, we conclude the record here supports the county court judge's ruling.

■ Crim. P. 21(b)(3) and section 16–6–201 provide that, if the motion and supporting affidavits state facts showing grounds for disqualification, the court must immediately enter an order disqualifying itself. *See People v. Dist. Court*, 192 Colo. 503, 506, 560 P.2d 828, 830 (1977); *People v. Lanari*, 926 P.2d 116, 120 (Colo.App.1996). The motion and affidavits must state facts from which it may reasonably be inferred that the respondent court has a bias or prejudice that will in all probability prevent it from dealing fairly with the petitioner. *See Smith v. Dist. Court*, 629 P.2d 1055, 1056 (Colo.1981). Conclusory allegations are not sufficient. *See Moody v. Corsentino*, 843 P.2d 1355, 1374 (Colo.1993).

■ The court must take as true the facts alleged, and may not premise its decision either on further inquiry into the facts, or on any actual knowledge the court might have with respect to its impartiality. *People v. Dist. Court*, 192 Colo. at 508–09, 560 P.2d at 832. The court's decision will be upheld unless the record demonstrates the court abused its discretion or exceeded its jurisdiction. *Smith v. Dist. Court*, 629 P.2d at 1056.

In *Smith v. District Court*, 629 P.2d at 1057, the supreme court noted that "[n]either section 16–6–201 ... nor Crim. P. 21(b) require[s] disqualification of a judge on the basis of a party's subjective conclusion that the judge is not impartial because of acts or statements made by the party." *Smith* involved a defendant who made threats to shoot and kill a judge, and the judge voiced his belief that the defendant was capable of carrying out the threats. The supreme court held that to allow threats toward a judge to cause compulsory recusal would enable a defendant to use vulgarity and threats to disqualify every judge who did not meet the defendant's specifications or requirements. *Smith v. Dist. Court*, 629 P.2d at 1057.

Similarly, in *In re Marriage of Mann*, 655 P.2d 814, 817–18 (Colo.1982), one party filed a complaint with the Judicial Qualifications Commission regarding the judge who was presiding over the case. In holding that the complaint was not sufficient to require disqualification, the supreme court stated that "[t]o allow a litigant to file a letter critical of a trial judge or to inform the judge of the filing of a complaint with the Judicial Qualifications Commission and later assert the judge's knowledge of the complaint or file as a basis for disqualification would encourage impermissible judge-shopping." *Mann*, 655 P.2d at 818; *see also* Richard E. Flamm, *Judicial Disqualification: Recusal and Disqualification of Judges* § 21.5, at 627 (2d ed. 2007) ("As a general rule, a judge will not automatically be disqualified from sitting in a matter merely because a party or its counsel has filed a complaint against the judge with a [judicial disciplinary commission].")(collecting cases).

Here, the motion to recuse arose out of a previous misdemeanor case (the first case) in which one of the attorneys represented a defendant before the county court. The defendant was convicted, and the attorney appealed, claiming the county court judge failed to abide by Crim. P. 32(d). The conviction in the first case was reversed. The attorney then filed a motion asking the county court judge to recuse herself from presiding over the proceedings on remand in the first case, alleging the county court judge harbored a personal bias against the attorney and the attorney's firm that would interfere with her ability to handle the case fairly. The county court judge granted the motion.

The affidavits in plaintiffs' cases indicated that the request to recuse the county court judge was based upon the attorney's filing of a complaint with the Judicial Performance Commission that encouraged the Commission to take action to remove the county court judge from the bench. The complaint was "based in part on [the county court judge's]

actions and behavior toward [the attorney] in [the first case] and in part on her ongoing failure to execute her judicial duties." The complaint alleged, "[The county court judge] will be unable to fairly handle [this] case due to personal bias against [the attorney and her firm] as a result of [the attorney's] complaint about her performance and efforts to see that she is not retained in office. That complaint is apparently ongoing."

In denying plaintiffs' motions, the county court judge stated that, after the attorney filed the complaint with the Judicial Performance Commission, the county court judge met with the Commission, the Commission recommended the county court judge be retained, and the voters retained the county court judge in the 2004 election. The county court judge then noted that, even absent those facts, the supreme court's opinion in *Mann*, 655 P.2d at 817–18, supported the denial of plaintiffs' motions. The county court judge further explained she did not think she was required to recuse herself in the prior seven cases, but did so voluntarily.

Plaintiffs argue the motions contained facts requiring the county court judge's recusal, pointing out that the county court judge had granted motions to recuse based on the same or similar allegations in the seven prior cases. Consequently, plaintiffs argue these statements are concrete statements of fact supporting disqualification. Plaintiffs further argue that the county court judge's failure, after her prior recusals, to require "a full hearing upon the issues raised by the affidavits and ... request that another judge conduct the hearing" as set forth in section 16–6–201(3), C.R.S.2007, functioned as a concession that she was biased against the attorneys.

Contrary to plaintiffs' arguments, we conclude the allegations set forth in the motions and affidavits are not sufficient to require recusal. The affidavits simply contain allegations that the county court judge was biased because of the attorney's filing of the complaint with the Judicial Performance Commission. There is no allegation that the county court judge, through conduct or otherwise, expressed any actual bias against the attorneys or their clients. As the county court judge noted, she recused herself from any cases involving the attorneys or their firm for over two and one-half years. As indicated above, the mere filing of a complaint with the Judicial Performance Commission, without more, does not establish sufficient grounds for recusal. *See Mann*, 655 P.2d at 817–18. To hold otherwise would allow counsel the opportunity to engage in impermissible judge-shopping. *See Smith v. Dist. Court*, 629 P.2d at 1057.

Further, the county court judge's decisions to recuse herself in the seven prior cases do not lead to the conclusion that she should permanently recuse herself in cases involving the attorneys and their firm. *See Czuprynski v. Bay Circuit Judge*, 166 Mich.App. 118, 126–27, 420 N.W.2d 141, 144 (1988)(filing of complaint against judge with judicial commission does not require permanent order of disqualification where judge was recused from cases pending resolution of the complaint).

Last, even assuming the county court judge improperly considered information outside plaintiffs' motions and affidavits—the actions of the Judicial Performance Commission and her subsequent retention by the voters—the contents of the motions and affidavits did not, as noted above, set forth sufficient information to require recusal. Thus, we cannot conclude that the county court judge's decisions to decline plaintiffs' requests to recuse herself from presiding in their cases were abuses of discretion or actions in excess of the county court's jurisdiction.

Therefore, we conclude the county court judge applied the proper legal standard, and her ruling was supported by sufficient evidence.

The judgment is affirmed.

Judge VOGT and Judge WEBB concur.