The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jarvis JAMES, Defendant-Appellant.

No. 82CA1454.

Colorado Court of Appeals, Div. I.

Aug. 30, 1984.

Rehearing Denied Sept. 27, 1984.

Certiorari Granted Jan. 14, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee. ·

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Jarvis James, appeals the judgment of conviction entered upon a gen-

eral jury verdict finding him guilty of first degree sexual assault. We affirm.

## I.

█ Defendant first contends that there was insufficient evidence to prove that the victim engaged in intercourse with him as a result of threats of future retaliation. We disagree.

The original information charged defendant with three counts of first degree sexual assault under §§ 18–3–402(1)(a) to (1)(c), C.R.S. (1978 Repl.Vol. 8). An amended information consolidated these charges into a single count of first degree sexual assault. In its elemental instruction to the jury, the trial court defined alternatively the three means of committing first degree sexual assault as charged in the amended information. Defendant made no objection to the form of general verdict submitted to the jury.

Defendant has conceded that there was evidence of actual application of physical force and violence, *see* § 18–3–402(1)(a), C.R.S. (1978 Repl.Vol. 8), and of threat of imminent death and serious bodily injury, coupled with the present ability to execute the threat. *See* § 18–3–402(1)(b), C.R.S. (1978 Repl.Vol. 8). He contends, however, that the victim's testimony established that the retaliatory threats were made *following* the act of intercourse rather than before intercourse. Hence, he argues that there was no evidence of threats made for the purpose of causing the victim's submission.

Relying upon *People v. Lee,* 630 P.2d 583 (Colo.1981) and *People v. Lowe,* 660 P.2d 1261 (Colo.1983), defendant reasons that the general verdict is invalid because it is impossible to determine which of the three theories contained in the elemental instruction the jury adopted as a basis for its verdict. Defendant's argument is without merit.

*People v. Lee, supra,* and *People v. Lowe, supra,* are inapposite because they hold that a general verdict is invalid if any one of the alternative theories submitted is *constitutionally* infirm. Defendant does not assert constitutional infirmity as to any of the alternative ways of committing first degree sexual assault as charged in the amended information. Having conceded there to be evidence of two of the alternative means of committing the crime, the general verdict is valid. *People v. Taggart,* 621 P.2d 1375 (Colo.1981).

█ Moreover, there is evidence in the record that, during the incident at issue, there were two acts of intercourse, and that after the first but before the second, defendant threatened to retaliate in the future against the victim and her son if she reported the crime. This constitutes sufficient evidence to submit the case to the jury upon the third alternative theory of first degree sexual assault. *See People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

## II.

Defendant next asserts that the trial court erred in ruling that his Crim.P. 21(b) motion for substitution of judge was legally insufficient. Again, we disagree.

█ To be legally sufficient, the motion and affidavits must state facts from which it may reasonably be inferred that the judge has a bias or prejudice that will prevent him from dealing fairly with the defendant. *People v. Botham,* 629 P.2d 589 (Colo.1981). The judge must accept the statements of fact in the motion and supporting affidavits as true. *Carr v. Barnes,* 196 Colo. 70, 580 P.2d 803 (1978). However, the motion and affidavits are not sufficient if supported only by conclusory statements, and the question whether the motion is legally sufficient is a matter of law subject to plenary review. *Carr v. Barnes, supra.*

█ As a factual basis for disqualification, defendant's motion set forth that the trial judge had presided at a hearing on cross-motions for temporary custody in a dissolution of marriage action involving a person, not the victim, with whom defendant was cohabiting. At that hearing, the trial judge found that defendant had sup-

plied marijuana for himself and the woman with whom he cohabited. Defendant denied being either a user or supplier of marijuana. His motion alleged that, if found guilty of the first degree sexual assault charge, the trial court would be prejudiced in the sentencing process because of the evidence admitted at the temporary custody hearing.

We find no statement by the trial judge in the record of the temporary custody hearing, submitted as an affidavit to the motion, which reflects predisposition as to defendant's guilt, prejudgment of the case, or potential sentence. *Cf. People v. Botham, supra.* And, on appeal, the defendant has not claimed the sentence to be excessive, nor does our review of the record reveal any bias or prejudice in the sentence of six years plus one year of parole, which was within the applicable statutory presumptive range. *See People v. Baca,* 633 P.2d 528 (Colo.App.1981). Thus, the allegation contained in defendant's motion that the trial judge would be prejudiced in the sentencing process is conclusory. *See Carr v. Barnes, supra.* Therefore, we conclude that the motion was legally insufficient. *See People v. Johnson,* 634 P.2d 407 (Colo.1981); *People v. Baca, supra.*

### III.

Defendant finally contends that the trial court erred in admitting irrelevant and prejudicial testimony. We disagree.

 The trial court permitted the physician who examined and treated the victim on the night of the sexual assault to testify concerning his observation of the victim's emotional state. He testified that she was hospitalized upon his recommendation for acute anxiety reaction. The trial court also permitted the victim's regular family physician to testify concerning his opinion of her emotional state before and after the sexual assault. His testimony included reference to his surgical treatment of the victim for removal of a safety pin which she had accidentally swallowed six days following the assault.

The trial court, in ruling that this evidence was relevant, found that it was probative of lack of consent and reaction to the actual application of physical force, threat of imminent death and serious bodily injury, and threat of retaliation. We find no error.

Assuming the maximum probative value that a reasonable fact finder might give the evidence and the minimum unfair prejudice to be reasonably expected, we conclude the trial court did not err in the admission of this evidence. *See* CRE 401 and 403; *People v. Lowe, supra.*

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.