Park J. ESTEP, Petitioner,

v.

The Honorable Hunter D. HARDEMAN, as One of the Judges of the District Court, Fourth Judicial District, State of Colorado, Respondent.

No. 85SA47.

Supreme Court of Colorado, En Banc.

Sept. 3, 1985.

Tegtmeier & Sears, P.C., Lance M. Sears, Richard L. Tegtmeier, Colorado Springs, for petitioner.

Hunter D. Hardeman, pro se.

NEIGHBORS, Justice.

Pursuant to C.A.R. 21, we issued a rule to show cause why the respondent district court judge should not disqualify himself from hearing a motion for post-conviction relief in a criminal case in which he is alleged to be biased. We now make the rule absolute.

I.

The petition for a writ of mandamus and the accompanying affidavits recite the following facts pertinent to our resolution of this original proceeding: In 1975, the peti-

tioner, Park Estep, was convicted of, among other crimes, first-degree murder, and sentenced to a prison term of 48 to 67 years.[1] In 1984, Estep filed a number of motions, including one for post-conviction relief pursuant to Crim.P. 35, alleging that another person, Ottis Toole, had confessed to the murder for which Estep was convicted. Toole's confession was corroborated by testimony from a companion, Henry Lucas, who was at that time incarcerated in Texas. Lucas was scheduled to be brought to Colorado by the Texas authorities on an unrelated matter and, in anticipation of his unavailability in the future, the defense proposed to depose him while he was in this state.

Estep's attorneys went to the respondent's chambers to schedule these matters for hearing, and the judge indicated that the crowded nature of his calendar would prevent the prompt hearing of Estep's motions. The respondent had reviewed the petitioner's motion for post-conviction relief and supporting exhibits, which discussed Toole's confession and his subsequent recantation of that confession. When informed that the petitioner's need to depose Lucas during his imminent presence in Colorado required that the matter be heard promptly, the respondent allegedly said, "I hope this witness is more credible than your other witness."[2] The "other witness" referred to by the judge was Toole, who had subsequently recanted his confession to the murder for which Estep had been convicted.[3]

Estep had also filed a motion for the appointment of a special prosecutor on the ground that the district attorney had improperly obtained Toole's recantation to avoid the adverse publicity attendant to a new trial for Estep. Following the hearing

on that motion, the conduct of which Estep considered to be colored by the judge's bias in favor of the prosecution and against the defense, Estep filed a motion to disqualify the respondent. The judge denied the recusal motion, ruling that the motion and accompanying affidavits were untimely and were legally insufficient to require disqualification. The petitioner then filed this original proceeding and we issued a rule to show cause.

## II.

■ Crim.P. 21(b)(1) provides in part that:

(1) Within ten days after a case has been assigned to a court, a motion, verified and supported by affidavits of at least two credible persons not related to the defendant, may be filed with the court and served on the opposing party to have a substitution of the judge. Said motion may be filed after the ten-day period only if good cause is shown to the court why it was not filed within the original ten-day period. The motion shall be based on the following grounds:

. . . .

(IV) The judge is in any way interested or prejudiced with respect to the case, the parties, or counsel.

Similarly, section 16–6–201(1)(d), 8 C.R.S. (1978), provides that a judge is disqualified to hear a case if "[h]e is in any way interested or prejudiced with respect to the case, the parties, or counsel."

We have previously noted that "[b]asic to our system of justice is the precept that a judge must be free of all taint of bias and partiality." *People v. District Court*, 192 Colo. 503, 507, 560 P.2d 828, 831 (1977). This principle not only insures that "no

---

**1.** The petitioner's convictions were affirmed by this court in *People v. Estep*, 196 Colo. 340, 583 P.2d 927 (1978), *cert. denied*, 440 U.S. 983, 99 S.Ct. 1796, 60 L.Ed.2d 245 (1979).

**2.** The respondent does not deny making the quoted statement. He states that he has no recollection of making the statement, but that if he did, "it was not intended to be nor was it taken seriously."

**3.** In his order denying the motion to disqualify, the trial judge stated that he had also learned of Toole's recantation of his earlier confession through the news media. However, at the time that the judge made this comment, neither Toole nor Lucas had testified before him.

person is forced to stand trial before a judge with a 'bent of mind,'" *People v. Botham*, 629 P.2d 589, 595 (Colo.1981), but also fosters public confidence in the judicial system:

> A trial judge must "conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." A.B.A. Standards, *The Function of the Trial Judge* 1.5. Courts must meticulously avoid any appearance of partiality, not merely to secure the confidence of the litigants immediately involved, but "to retain public respect and secure willing and ready obedience to their judgments." *Nordloh v. Packard*, 45 Colo. 515, 521, 101 P. 787, 790 (1909).

*People v. District Court*, 192 Colo. 503, 508, 560 P.2d 828, 831–32 (1977) (footnote omitted). The Supreme Court has stated that "the tribunals of the country shall not only be impartial in the controversies submitted to them but shall give assurance that they are impartial...." *Berger v. United States*, 255 U.S. 22, 35–36, 41 S.Ct. 230, 234, 65 L.Ed. 481 (1921). Thus, either actual prejudice on the part of the trial judge or its mere appearance can require the disqualification of that judge. *People v. District Court*, 192 Colo. 503, 510, 560 P.2d 828, 833 (1977). *See also* Colorado Code of Judicial Conduct, Canon 3(C)(1) (judge should disqualify himself if his impartiality might reasonably be questioned).

■ In assessing a motion to disqualify, a trial court is limited to an inquiry into the legal sufficiency of the motion and accompanying affidavits, and their timeliness. Thus, the trial judge engaging in this inquiry "cannot pass upon the truth or falsity of statements of fact in the motion and supporting affidavits." *People v. District Court*, 192 Colo. 503, 508, 560 P.2d 828, 832 (1977). These statements of fact must be accepted as true by the court, *People v. Botham*, 629 P.2d 589 (Colo. 1981); *Carr v. Barnes*, 196 Colo. 70, 580 P.2d 803 (1978), and denials or explanations by the respondent judge cannot be considered by this court in evaluating such motions. *People v. District Court*, 192 Colo. 503, 509 n. 2, 560 P.2d 828, 832 n. 2 (1977).

We have previously formulated the test for the legal sufficiency of the motion to disqualify as follows:

> To be legally sufficient, the motion and affidavits must state facts from which it may reasonably be inferred that the judge has a bias or prejudice that will prevent him from dealing fairly with the defendant. The affidavits in support of the motion do not have to contain every essential fact which establishes the judge's prejudice. It is sufficient if the affidavits verify the facts set forth in the motion.

*People v. Botham*, 629 P.2d 589, 595 (Colo. 1981) (citations omitted). The application of this standard enables the Colorado judicial system "to eliminate every semblance of *reasonable* doubt or suspicion that a trial by a fair and impartial tribunal may be denied." *Johnson v. District Court*, 674 P.2d 952, 956 (Colo.1984) (emphasis in original) (construing C.R.C.P. 97 in a civil case).

■ In the present case, the facts alleged in the motion and the accompanying affidavits support the inference that the respondent's impartiality might reasonably be questioned. The tenor and import of the judge's comment regarding the credibility of Estep's prospective witnesses were such as to constitute a premature determination that the witnesses were not truthful and suggest a predisposition on the respondent's part to deny the petitioner's motion for post-conviction relief.[4] Such a predis-

---

4. The credibility of Estep's witnesses is a critical issue to be resolved by the trial court at the hearing on the petitioner's motion for post-conviction relief. In his ruling denying the petitioner's motion for disqualification, the respondent stated: "The importance of Toole's credibility on the motion for a new trial and, if granted, during a new trial, is obvious." Because we find the judge's statement regarding the credibility of potential witnesses to be legally sufficient to require disqualification, we need not evaluate the petitioner's allegations concerning the conduct of the hearing on the motion for the appointment of a special prosecutor which were

position regarding the credibility of potential witnesses, at a time when no testimony has yet been offered by those witnesses, can only frustrate the goal of providing the petitioner with a meaningful hearing before an impartial tribunal.[5] Prejudgments regarding the quality of evidence to be heard are not consistent with the duty of the trial court to reach an unbiased decision after weighing all the evidence. *See Roberts v. Bailar*, 625 F.2d 125 (6th Cir.1980) (comment that figure involved in employment discrimination case was an honorable man and would not discriminate required disqualification under 28 U.S.C. § 455(a)); *Nicodemus v. Chrysler Corp.*, 596 F.2d 152 (6th Cir.1979) (comment that judge would not believe witnesses offered by defendant required disqualification); *Ross v. State*, 267 Ark. 1027, 593 S.W.2d 475 (Ct. App.1980) (statement that "you may call all the witnesses you want, but ..." required

disqualification); *State v. Nordstrom*, 122 R.I. 412, 408 A.2d 601 (1979) (observation by trial judge after presentation of prosecution's case but before defense that defendants were "bad bastards" required disqualification). In our view the motion and affidavits presented here require disqualification of the respondent as a matter of law.[6]

The rule is made absolute.

---

also enumerated in the motion to disqualify the respondent.

5. We agree that "[t]he opinion of the trial judge, after hearing the testimony, that the testimony of witnesses favorable to the defendant was not worthy of belief is not evidence of prejudice." *State v. Little*, 249 Or. 297, 431 P.2d 810, 813 (1967), *cert. denied*, 390 U.S. 955, 88 S.Ct. 1048, 19 L.Ed.2d 1148 (1968). However, this is not a case in which the trial judge had the opportunity to assess the credibility of the prospective witnesses before forming an opinion. *See People v. Cortez*, 131 Mich.App. 316, 346 N.W.2d 540 (1984) (remarks on credibility of defendant during course of judicial proceeding do not show bias when made pursuant to duty to articulate on the record the reasons for evidentiary ruling).

6. We view the motion to disqualify to have been filed in a timely manner. When the motion for disqualification is not filed within the ten-day period allowed by Crim.P. 21(b), the standard for its timeliness is "whether the application is made as soon as possible after the occurrence or discovery of the facts which form the basis for the motion for substitution." *People v. Botham*, 629 P.2d 589, 595 (Colo.1981). In this

case the respondent concedes that the ten-day period is not applicable, and the petition for original relief indicates that the events forming the basis of the motion occurred between seven and nine weeks prior to the filing of the motion, a contention supported by the record. Although such a delay is not normally countenanced, we have noted that "a request for the disqualification of a trial judge is a most serious undertaking which should not be pursued absent thorough factual investigation and legal research." *Johnson v. District Court*, 674 P.2d 952, 957 (Colo.1984) (construing C.R.C.P. 97 in a civil case). Here, the disqualification motion was filed two days after the final transcript of the hearing on the motion to appoint a special prosecutor was certified by the court reporter. Certain comments made by the respondent at that hearing were enumerated as grounds requiring the respondent to disqualify himself, in addition to the statement concerning credibility of the witnesses. The statement concerning credibility was made just the week before hearings were held on other motions which had been previously filed by the petitioner and scheduled for consideration by the respondent. Given the circumstances of this case, we conclude that the petitioner did not waive his right to request that the respondent disqualify himself on the basis of the latter statement.