**THE PEOPLE OF THE STATE OF COLORADO, Plaintiff–Appellee,**

v.

**Terry Lynn BARTON, Defendant–Appellant.**

**No. 03CA0793.**

Colorado Court of Appeals, Div. A.

Dec. 16, 2004.

As Modified on Denial of Rehearing Feb. 3, 2005.*

Certiorari Denied Oct. 11, 2005.

---

* Pierce, J., does not participate.

Ken Salazar, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

DAVIDSON, Chief J.

Defendant, Terry Lynn Barton, pleaded guilty to fourth degree arson, a class four felony, for having set the Hayman fire in the Pike National Forest. The Hayman fire resulted in the burning of 137,000 acres of land, the destruction of over 300 buildings, and property losses in excess of $29 million. Defendant now appeals the twelve-year aggravated range sentence imposed upon her plea of guilty. We vacate the sentence and remand for further proceedings.

## I.

Defendant contends that the trial court's discretionary imposition of the maximum aggravated range sentence, based on factors it determined were "extraordinarily aggravating," violated her constitutional rights to due process and trial by jury. We agree.

### A.

The People's answer brief was filed before the Supreme Court announced *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531,

159 L.Ed.2d 403 (2004). Defendant addressed the case in her reply brief; therefore, we requested a surreply brief from the People addressing the impact of that decision.

■ Initially, in the surreply brief, the People contend that defendant waived her right to raise an argument under *Blakely* because she did not challenge the constitutionality of Colorado's sentencing statutes in the trial court. However, the record reveals that defendant argued against an aggravated range sentence by relying on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The trial court rejected this claim.

As defendant's claim derives from *Apprendi,* which was further expanded upon by the Supreme Court in *Blakely,* we determine that the issue is properly before us.

### B.

■ Colorado's sentencing provisions set forth six classes of felonies with corresponding presumptive ranges of sentences that are authorized upon conviction. *See* § 18–1.3–401(1)(a)(V)(A), C.R.S.2004. Here, for defendant's conviction of a class four felony, the presumptive range of penalties is from two to six years in the Department of Corrections. As applicable in this case, § 18–1.3–401(6), C.R.S.2004, provides that "the court shall impose a definite sentence which is within the presumptive ranges set forth in [§ 18–1.3–401(1) ] unless it concludes that extraordinary ... aggravating circumstances are present." If the court finds extraordinary aggravating circumstances, it may impose a sentence that is up to twice the maximum in the presumptive range. Section 18–1.3–401(7), C.R.S.2004, requires the trial court to place on the record the factors it relies on when it imposes a sentence outside the presumptive range.

In *Apprendi v. New Jersey, supra,* the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey, supra,* 530 U.S. at

490, 120 S.Ct. at 2362–63. Further, in *Blakely v. Washington, supra,* decided after the trial court imposed sentence here, the Supreme Court applied its decision in *Apprendi* to a Washington state sentencing scheme that allowed the trial court to impose a longer sentence than that authorized under the statutes based on the jury's verdict or the defendant's guilty plea. The Court concluded:

[T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely v. Washington, supra,* 542 U.S. at 303–04, 124 S.Ct. at 2537 (citations omitted; quoting 1 J. Bishop, *Criminal Procedure* § 87, at 55 (2d ed. 1872)(emphasis in original)).

■ Therefore, under *Apprendi* and *Blakely,* the statutory maximum authorized by a jury verdict or a guilty plea is the maximum in the presumptive range for the class of felony, unless the defendant admits certain facts or other statutes are applicable that automatically increase the range of sentence for particular crimes. *See People v. Solis–Martinez,* 121 P.3d 215, 2004 WL 2002525 (Colo.App. No. 03CA1365, Sept. 9, 2004).

Although the People argue that *Solis–Martinez* was wrongly decided, we agree with its reasoning and conclusion and follow it here. Further, we note that the *Solis–Martinez* division determined that it would not follow *People v. Allen,* 78 P.3d 751 (Colo. App.2001), cited by the People. We also decline to follow *Allen,* as it appears that its reasoning no longer retains vitality after *Blakely. See also People v. Moon,* 121 P.3d 218, 2004 WL 2503424 (Colo.App. No. 03CA1107, Oct. 21, 2004)(reaching similar conclusion regarding *Allen* ).

■ Here, the trial court decided to impose the maximum twelve-year sentence in

the aggravated range based on defendant's specialized knowledge as a U.S. Forest Service worker, the catastrophic effects of the Hayman fire, and the severity of the fire's impact, both on people and property. Although it is unclear whether the court relied on this fact in imposing sentence, the court also mentioned the accidental deaths of a number of young firefighters on their way to work on the Hayman fire.

Colorado appellate opinions have stated that a sentence may be aggravated on the basis of the circumstances of the crime alone. *See, e.g., People v. Vigil*, 718 P.2d 496, 507 (Colo.1986). However, under the mandates of *Apprendi* and *Blakely*, a sentence beyond the relevant statutory maximum may be imposed only if a jury has determined the aggravating factors or the defendant has admitted them.

We disagree with the People's contention that defendant waived the right to a jury determination of the aggravating factors by pleading guilty to the charged offense. No aggravating factors were charged in the information, and defendant did not stipulate to any. She also did not stipulate to a sentence in the aggravated range, although she had been advised it was a possibility. Moreover, she was not advised that she had a right to have a jury determine any aggravating factors. *See Blakely v. Washington, supra*, 542 U.S. at 304–05, 124 S.Ct. at 2537–38 (observing that the Washington state judge could not have imposed an exceptional sentence solely on the basis of the facts admitted in the guilty plea because, to justify an exceptional sentence, the judge must take into account factors other than those used in computing the standard range sentence; citing *State v. Gore*, 143 Wash.2d 288, 21 P.3d 262 (2001)).

Further, we reject the People's assertion that Colorado's sentencing scheme is different in any constitutionally significant way from the Washington scheme considered in *Blakely*. *See People v. Moon, supra* (attaching no significance to differences between Colorado and Washington sentencing schemes for purposes of the Sixth Amendment right to a jury trial). In *Moon*, the division noted that, to sentence in the discretionarily aggravated range under § 18–1.3–401(6), the sentencing court must make a finding that elevates certain "raw facts" to the level of "aggravating circumstances" and also find that these circumstances are "extraordinary," in contravention of the mandates of *Blakely*. We agree with the division's analysis in *Moon* and, therefore, conclude that it is dispositive of the People's argument.

Accordingly, we conclude that defendant's sentence must be vacated and the case remanded to the trial court for resentencing proceedings in accordance with the principles set forth in *Blakely v. Washington, supra*.

## II.

Defendant also contends that the trial court erred in denying her motion to recuse. We conclude that on remand defendant should be sentenced before a different judge.

## A.

As an initial matter, we disagree with the People's argument that, because defense counsel must have been aware of the effect of the Hayman fire, the motion should have been brought within ten days after the case was assigned to the trial judge, as required under Crim. P. 21(b).

Crim. P. 21(b) allows motions to recuse to be filed beyond the ten-day period "only if good cause is shown to the court." Here, however, the prosecutor did not argue to the trial court that the motion was untimely, and the court itself did not consider the timeliness issue. Furthermore, because the motion to recuse was triggered by comments the trial judge made at sentencing, we conclude that good cause existed for the late filing. *See People v. Arledge*, 938 P.2d 160, 166 (Colo.1997)(a recusal motion must be brought as soon as the defendant becomes aware of a basis for making the motion).

## B.

Section 16–6–201(1)(d), C.R.S.2004, provides that a judge is disqualified to hear a case if "[h]e is any way interested or prejudiced with respect to the case, the parties, or

counsel." *See also* Crim. P. 21(b)(1)(IV). Either actual prejudice or its mere appearance can require the disqualification of a judge. *People v. Dist. Court,* 192 Colo. 503, 510, 560 P.2d 828, 833 (1977); *see also* Colorado Code of Judicial Conduct Canon 3(C)(1) (judge should disqualify himself if his impartiality might reasonably be questioned).

■■■ A motion to recuse a judge must be verified and supported by affidavits of at least two credible persons not related to the defendant. Section 16–6–201(3), C.R.S.2004. The affidavits must state facts from which it may reasonably be inferred that the judge has a bias or prejudice that will in all probability prevent him from dealing fairly with the defendant. *Klinck v. Dist. Court,* 876 P.2d 1270, 1274 (Colo.1994). The affidavits need not contain every essential fact that establishes the judge's prejudice; rather, it is sufficient if the affidavits verify the facts set forth in the motion. *Estep v. Hardeman,* 705 P.2d 523, 526 (Colo.1985).

■■■ The trial court must rule on the legal sufficiency of the motion to recuse and accompanying affidavits, subject to the independent review of the appellate court. *Smith v. Dist. Court,* 629 P.2d 1055, 1056 (Colo.1981).

■■■ The reviewing court must accept as true the statements of fact in the motion and affidavits. Denials or explanations by the judge cannot be considered by the appellate court in evaluating such motions. *Estep v. Hardeman, supra.* The analysis must be confined to the four corners of the motion and supporting affidavits. *Klinck v. Dist. Court, supra,* 876 P.2d at 1275 (citing *Brewster v. Dist. Court,* 811 P.2d 812, 814 (Colo. 1991)).

■■■ Here, in his sentencing order, the judge discussed the fact that smoke from the fire came over a nearby ridge "so strongly" that a neighbor encouraged him to evacuate his home. He explained that he spent one night in a hotel in Colorado Springs to escape the smoke and fire. The judge also related that he spent time with the Salvation Army dispensing food to people displaced by the fire, and that he walked through portions of the burned areas.

Defense counsel later stated to the court that, if she had known that the judge had been involved personally in any way with the fire, she "would have filed a motion to recuse this Court." She said she would "follow up with some written motions" and "ask the Court for disclosure as to how extensive the Court's involvement was personally in this case."

Defense counsel then filed a written motion and supporting affidavits, including allegations concerning the personal effect of the fire on the judge discovered after the sentencing hearing: (1) the judge's division clerk and personal friend, with whom he socialized outside of work, had to evacuate her home and animals because of the fire; (2) after the division clerk left work to evacuate, the judge appeared "white-faced" and "in a state of panic," leaving the courthouse for the rest of the day to assist his friend in evacuating her home; (3) the division clerk volunteered with the Salvation Army relief effort, was seriously injured at a dance celebrating the containment of the fire, and was "virtually unable" to work from July to December 2002; (4) the division clerk was overheard stating that defendant should receive "more than death" for starting the fire; (5) the judge's law clerk missed three days of work because of the fire; (6) scheduled cases had to be reset because law enforcement officers were working the fire and could not appear in court; and (7) the available jury pools were compromised because of the fire.

The judge denied the motion to recuse, stating in part:

> Had the Court felt a bias which would prevent it from carrying out its legal duties in this case, the Court would have recused itself. The Court suffered no pecuniary loss from the Hayman fire. The parties would be hard pressed to find any judge in Colorado who did not witness flames and/or smoke from this fire either personally or through extensive coverage on television, radio and in print. The law does not require judges to withdraw from their communities nor does it preclude them from assisting in relief efforts on behalf of needy citizens.

The Court was neither a victim of the Hayman fire, nor was it biased against the defendant. Defendant's motion to recuse is insufficient as a matter of law to require recusal.

Initially, we note that, although the judge found the affidavits insufficient as a matter of law, it is apparent from reading his entire ruling that he went outside of the motion and affidavits, making extensive findings regarding the factors and reasons he had considered in imposing sentence, the victim impact statements, and the letters in support of defendant. *See Klinck v. Dist. Court, supra* (finding it "obvious" that the court did not confine its consideration to the four corners of the motion and affidavits).

In any event, what a judge learns in his judicial capacity is a proper basis for judicial observation, and the use of such information does not result in disqualification. *People v. Ramos,* 708 P.2d 1347 (Colo.1985). We also agree that the motion and affidavits here, even if true, indicate no actual prejudice by the trial judge. And, as the judge properly noted, an appearance of impropriety could not be reasonably inferred simply because he was a member of the general public that witnessed the fire, or because he assisted in general relief efforts.

However, the numerous other allegations of personal involvement, which must be accepted as true, could reasonably call the judge's impartiality into question in this case. Thus, we conclude that, contrary to the judge's ruling, the motion and affidavits were legally sufficient to create the appearance of prejudice that could have prevented him from dealing fairly with defendant. Specifically, allegations as to the division clerk's personal involvement, the serious injury she suffered, the effect of the fire on the operations of the court, and the judge's personal expressions regarding the results of the fire could cause a reasonable person to infer that the judge might be prejudiced against defendant.

We also note of further concern that, during the sentencing hearing, the judge injected comments about his personal experience into his findings, did not disclose to defense counsel the assertions later made in the affidavits regarding his personal friendship with his division clerk, his "state of panic" when he went to her aid in evacuating her home, or the disruption in the court's operation because of the fire.

The sentence is vacated. The case is remanded for further sentencing proceedings consistent with this opinion, to be held before a different judge.

Judge PIERCE and Judge METZGER concur.